UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

MARISSA GOMEZ, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

TAPESTRY, INC.

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Tapestry, Inc. ("**Tapestry**"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("**CAFA**"), hereby notices the removal of the above titled action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, Case No. 2022-CA-2015 (the "**State Court Action**") to the United States District Court of the Middle District of Florida.

**I.**    **FACTUAL BACKGROUND**

1.    This is a putative class action in which Marissa Gomez ("**Plaintiff**") complains that she received text messages from Coach Outlet (Tapestry), which were allegedly sent without her prior express written consent and using an automated system, allegedly in violation of the Florida Telephone Solicitation Act ("**FTSA**"), Fla. Stat. § 501.059.

1

2. On August 4, 2022, Plaintiff filed her putative Class Action Complaint ("**Complaint**") in the State Court Action asserting a single claim under the FTSA.

3. Plaintiff alleges that on or after July 1, 2021, Tapestry "made, or knowingly allowed to be made, a 'telephonic sales call' as defined by Fla. Stat. § 501.059(1)(j) to Plaintiff's Telephone Number...without Plaintiff's '[p]rior express written consent...'" in violation of the FTSA. *See* Compl. ¶¶ 13, 17.

4. Plaintiff further alleges that Tapestry "has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida without their prior express written consent." *Id.,* ¶ 22.

5. Plaintiff seeks statutory damages and injunctive relief, plus attorneys' fees and costs, on behalf of herself and a putative class. *Id.*, ¶ 8.

6. The Complaint names Tapestry as the sole defendant and Tapestry has not yet responded. On September 6, 2022 the Florida Circuit Court granted Tapestry's unopposed motion for an enlargement of time to respond to the Complaint, through and including September 27, 2022.

7. Pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Tapestry has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

8. In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Tapestry is giving written notice to Plaintiff and to the Circuit

Court of the Sixth Judicial Circuit in and for Pasco County, Florida of its filing of this Notice of Removal.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

9.   On August 17, 2022, Tapestry was served with the Summons and the Complaint. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

10.   Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.*, the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida is located in the Middle District of Florida, Tampa Division. See 28 U.S.C. § 1441(a); *see also* Local R. 1.04 ("The Middle District comprises these divisions and these counties: ...Tampa Division... Pasco County").

11.   As per 28 U.S.C. § 1446(a) and Local R. 1.06(b), true and correct copies of all process, pleadings, and orders served upon Tapestry, as well as a copy of each paper docketed in the Florida Circuit Court action are attached hereto as **Exhibit A**.

## III.   THIS COURT HAS JURISDICTION UNDER CAFA

12.   Under CAFA, this Court has diversity jurisdiction over this putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Tapestry; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing

CAFA removal requirements); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006) (same).

### A. The Putative Class Size Exceeds 100

13. According to CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). The Complaint seeks to certify a class under Florida Rule of Civil Procedure, Rule 1.220(b)(2) and (b)(3). *See* Compl. ¶ 20.

14. Plaintiff defines the putative "Class" as:

> All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021.

*Id*.

15. Plaintiff alleges that the putative "[c]lass members number in the several thousands, if not more." *Id.* ¶ 21. Plaintiff further alleges that Tapestry "has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida...[t]he members of the Class, therefore are believed to be so numerous that joinder of all members is impracticable." *Id.* ¶ 22.

16. "Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making its analysis. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-1062 (11th Cir. 2010); *Fox v. Ritz-Carlton Hotel Co., L.L.C.,* 977 F.3d

4

1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.'").

17. In addition, Tapestry has verified that it sent more than 3,400 text messages to phone numbers with Florida area codes since July 1, 2021. *See* Declaration of Leslie Oberdorf ("Declaration"), attached hereto as **Exhibit B**, at ¶ 5.

18. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

### B. There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

19. Under CAFA there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

20. The Complaint alleges that Tapestry "is a Foreign Profit Corporation 'doing business in this state' as defined by Fla. Stat. 501.059(1)(e)." *See* Compl. ¶ 7.

21. Tapestry is incorporated in Maryland (*see* Maryland Secretary of State Records, attached hereto as **Exhibit C**) and is headquartered in New York (*see* https://www.tapestry.com/contact/, noting that Tapestry's headquarters is at 10 Hudson Yards, New York, NY).

22. Plaintiff is a citizen of Pasco County, Florida. *See* Compl., ¶ 11. The Complaint alleges she "was and is a Florida resident" and she was "physically located in the State of Florida" at the time she received the alleged call from Tapestry. *See* Compl. ¶¶ 11, 12, 18.

23. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.  The $5 Million Amount in Controversy Requirement is Met**

24. For CAFA jurisdiction, the aggregate amount in controversy must exceed $5 million for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

25. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

26. In analyzing the amount in controversy, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *Id*. A removing defendant may introduce "affidavits, declarations, or other documentation" to support its position that the amount of controversy exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). The court may rely on extrinsic evidence in determining the amount in controversy. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n. 5 (11th Cir. 2003).

27. The amount in controversy "is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315 (internal quotation marks omitted); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) ("There is no doubt that, when analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits.").

28. The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of a removing defendant's liability. Thus, to carry its burden, the removing defendant merely needs to show that the potential damages could exceed the jurisdictional amount. *Pretka*, 608 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

29. As set forth in the Declaration, Tapestry sent more than 3,400 text messages to phone numbers with Florida area codes since July 1, 2021. *See* Declaration, at ¶ 5.[1] Based on the number of text messages sent by Tapestry during the relevant time period and the potential for treble damages for a "willful or knowing" violation of the FTSA, the amount in controversy exceeds $5 million.

---

[1] While the Declaration states that at least 3,400 text messages were sent to Florida area codes, not all Florida area codes or persons in Florida are necessarily citizens or residents of Florida, and it is possible that a substantial number of person's area codes do not match their state of residency and/or citizenship.

30.  Under the FTSA, an aggrieved party may "recover actual damages or $500, whichever is greater" for a single violation. *See* Section 501.059(10)(a), Florida Statutes. Plaintiff's Complaint further alleges that Tapestry's violation of the FTSA was "willful or knowing." *See* Compl. ¶ 37.  Thus, under the FTSA, "if the court finds that the defendant willfully or knowingly violated this section…the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a)." *See* Section 501.059(10)(b), Florida Statutes.

31.  Applying an award of treble damages for a willful and knowing violation of the FTSA by Tapestry for more than 3,400 texts yields more than $5,000,000 [3,400 text messages x $500 (per statutory violation) x 3 (for willful or knowing violation) = $5,100,000].

32.  This amount also does not include the value of the injunctive relief (which Plaintiff purportedly seeks), which would further increase the amount in controversy.

33.  The Court is also permitted to account for the amount of attorneys' fees (which may be available under the FTSA) in determining the amount in controversy. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors,* 329 F.3d 805, 808, n.4 (11th Cir. 2003) (courts may also factor in possible attorneys' fee awards, where permitted by statute, when determining the amount in controversy for removal purposes); *Sheffield Woods at Wellington Condo. Ass'n, Inc. v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1

(M.D. Fla. July 28, 2009) (finding amount in controversy met, in part based upon plaintiff's claim for fees pursuant to Florida statute).

34. Accordingly, the total amount of alleged compensatory damages exceeds CAFA's $5,000,000 jurisdictional threshold.[2]

### D. The Exceptions to CAFA Do Not Apply

35. CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) and 28 U.S.C. § 1332(d)(3). Both the mandatory and discretionary exceptions to CAFA require the presence of a nondiverse in-state defendant. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) (noting that mandatory abstention requires either: (1) "significant relief" to be sought from an in-state defendant (local controversy exception) or that (2) the "primary defendant" to be an in-state one (home state exception)); 28 U.S.C. § 1332(d)(3) (noting that the discretionary abstention requires the "primary defendant" be an in-state one).

---

[2] Tapestry does not concede (and disputes) that Plaintiff can properly certify a class under Rule 23 or that Plaintiff is entitled to recover any damages, nor is it required to do so for present purposes. *See, e.g., Anderson v. Witco Life Ins. Co.*, 943 F.3d 917, 924 (11th Cir. 2019) (federal court jurisdiction proper where there is "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Mangano v. Garden Fresh Rest. Corp.*, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) (a litigant must "must plausibly allege the jurisdictional amount, not prove the amount."); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (a litigant seeking to prove federal court jurisdiction exists "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it… [Rather,] at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751, 754 (11th Cir. 2010)).

36. Here, Tapestry is the only defendant and is not an in-state defendant. Tapestry is a foreign entity. *See* ¶¶ 20-21, *supra*; 28 U.S.C. § 1332(c)(1), (d)(10).

37. The exceptions to CAFA are not applicable to this matter.

38. Accordingly, because Tapestry has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

## IV.   PRESERVATION OF RIGHTS

39. By virtue of this Notice of Removal and the Notice filed in the State Court Action, Tapestry does not waive its rights to assert and expressly reserves all defenses, including but not limited to, personal jurisdictional and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions including but not limited to, Rule 12 motions, motions to compel arbitration, and all those defenses and motions otherwise permitted by the Federal Rules of Civil Procedure and/or governing law.

**WHEREFORE**, Tapestry respectfully requests that this Court assume full jurisdiction over this action.

Dated: September 16, 2022.            Respectfully submitted,

/s/ *Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy, Esq.
Florida Bar No. 91939
jeffrey.pertnoy@akerman.com
Bryan T. West
Florida Bar No. 83526
bryan.west@akerman.com
Monica M. Kovecses, Esq.
Florida Bar No. 105382

monica.kovecses@akerman.com
**AKERMAN LLP**
Phone: (305) 374-5600

*Counsel for Defendant Tapestry*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, a true and correct copy of Defendant's Notice of Removal was served *via* e-mail upon Plaintiff's counsel of record as follows:

Benjamin Raslavich, Esq.
ben@thekrfirm.com

/s/ *Jeffrey B. Pertnoy*
Attorney